UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEMETRIUS GEYER | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:05-cv-695 (JCH)(HBF) |
| | : | |
| WAYNE CHOINSKI, et al.[1] | : | MARCH 22, 2006 |

**RULING RE:  PLAINTIFF'S MOTION FOR LEAVE TO AMEND [Doc. No. 16]
AND DEFENDANTS' MOTION TO DISMISS COMPLAINT [Doc. No. 11]**

Plaintiff Demetrius Geyer ("Geyer") is confined at the Northern Correctional

Institution in Somers, Connecticut.  He brings this civil rights action pro se, pursuant to

28 U.S.C. § 1915, alleging that defendants used excessive force against him.

Defendants move to dismiss the claims for damages against all defendants in their

official capacities and the claims against defendants Choinski and McGill in their

individual capacities.  In response, Geyer has moved to amend his complaint to cure

the deficiencies identified by defendants.  For the reasons that follow, defendants'

motion is granted in part and plaintiff's motion is granted.

**I.      Geyer's Motion for Leave to Amend [Doc. No. 16]**

In response to defendants' motion to dismiss, Geyer seeks leave to file an

amended complaint which attempts to cure the deficiencies identified in defendants'

motion.  Fed. R. Civ. P. 15(a) provides that Geyer may amend his complaint "once as a

matter of course at any time before a responsive pleading is served . . . ."  Because a

motion to dismiss is not such a pleading, Geyer may amend his complaint as a matter

of right.  Geyer's motion [**Doc. No. 16**] is **GRANTED**.  The court will consider

---

[1]    The named defendants are Warden Wayne Choinski, Major Jeffrey McGill, Lieutenant Joe Casey, Correctional Officer F. Perkins, Correctional Officer Harrigan and Correctional Officer Prior.

defendants' motion to dismiss as applied to the amended complaint.

## II.   Defendants' Motion to Dismiss [Doc. No. 11]

Defendants move to dismiss the complaint in part on the grounds that the Eleventh Amendment bars any claim for damages against them in their official capacities and Geyer fails to allege facts demonstrating the personal involvement of defendants Choinski and McGill.

### A.   Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003).  Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000). "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.) (quoting Scheuer, 416 U.S. at 236), cert. denied, 537 U.S. 1089 (2002).  In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)).  However, "[c]onclusory allegations or

legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted.  Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks and citation omitted).

      **B.**    **Facts**[2]

On September 23, 2003, Geyer requested a plunger to unclog the toilet in his cell.  When correctional staff opened the trap in Geyer's cell door to collect trash from the evening meal, Geyer put his hand through the trap as a protest and repeated his request for use of a plunger.  Staff notified defendant Casey.  Geyer explained the situation to defendant Casey and refused to remove his hand and release the trap until he was provided a plunger.

The practice and custom at Northern Correctional Institution is to use force against any inmate who impedes the closure of the traps.  Following that practice, defendant Casey called a cell extraction team and sprayed five one-second bursts of a chemical agent into Geyer's face.  He then ordered defendant Perkins to close the trap. Defendant Perkins vigorously pushed the trap door upwards, attempting to close the trap on Geyer's hand while Geyer struggled to keep the trap open.  During the struggle, defendant Casey sprayed another three bursts of the chemical agent and defendant Prior began to videotape the incident.

Geyer was overcome by the chemical agent and attempted to remove his hand, thereby releasing the trap.  Because of the pressure being applied by defendant Perkins, the trap slammed shut cutting off approximately half of the flesh on the tip of

---

[2]   The facts are taken from the allegations in the Amended Complaint.

Geyer's left pinkie finger.  The finger began to bleed profusely causing Geyer severe pain.

Defendants handcuffed Geyer with his hands behind his back and brought him to the medical unit.  Medical staff attempted to stop the bleeding.  Before the medical staff could make a complete assessment of the injury, Geyer was taken to a cell in the medical unit and strip searched.  The medical staff then completed the assessment and determined that Geyer should be transported to the University of Connecticut Health Center for surgery.

Geyer was not transported for approximately one hour.  During that time, he experienced severe pain and moderate to heavy bleeding that saturated his bandages.  No attempt was made to secure the severed nerves for reattachment.  While being transported, Geyer was shackled and handcuffed.  The security box applied over the handcuffs aggravated the injury.  The trip to the University of Connecticut Health Center took approximately one hour.

Geyer was taken immediately to the doctor for surgery.  Several correctional officers followed Geyer into the treatment room.  One of the officers intended to videotape the surgery.  Although the doctor requested that they leave, the correctional staff remained and continued videotaping.  As a result of the time between the injury and surgery and the absence of proper medical precautions, the doctor was unable to repair the severed part of Geyer's finger.  He now suffers from a nerve disorder that affects the function of his hand and causes pain.

### C.    Discussion

Defendants assert two grounds in support of their motion to dismiss.  First, they

4

argue that the Eleventh Amendment bars any claim for damages against them in their official capacities.  Second, they contend that Geyer fails to allege facts demonstrating the personal involvement of defendants Choinski and McGill.

### 1.    Eleventh Amendment

Defendants contend that the Eleventh Amendment bars any claims for damages against them in their official capacities.  The court agrees.

Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment.  See Florida Dep't of State v. Treasure Salvors, 458 U.S. 670, 684 (1982).  Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332, 342 (1979).  The Eleventh Amendment immunity which protects the state from suits for monetary relief also protects state officials sued for damages in their official capacity.  See Kentucky v. Graham, 473 U.S. 159, 166-67 (1985).  A suit against a defendant in his official capacity is ultimately a suit against the state if any recovery would be expended from the public treasury.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984).

Geyer names all defendants in their official and individual capacities and does not state that he seeks damages from defendants in their individual capacities only. Thus, to the extent that the Amended Complaint may be construed to seek damages from defendants in their official capacities, this relief is barred by the Eleventh Amendment.  Defendants' Motion to Dismiss is granted as to all claims for damages against defendants in their official capacities.

5

**2.      Personal Involvement of Defendants Choinski and McGill**

Defendants next argue that the claims against defendants Choinski and McGill in their individual capacities should be dismissed because Geyer has alleged no facts suggesting that either defendant was involved in the incident giving rise to Geyer's claim.  In response, Geyer has amended his complaint to show the involvement of defendants Choinski and McGill

In September 2003, defendant Choinski was the warden, and defendant McGill was the major in charge of operations at Northern Correctional Institution.  Thus, these defendants were supervisory officials.  "A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort."  Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).  Section 1983 imposes liability only on the official causing the violation.  The doctrine of respondeat superior is inapplicable in section 1983 cases.  See Hayut v. State University of New York, 352 F.3d 733, 753 (2d Cir. 2003)("It is well settled . . . that the doctrine of respondeat superior standing alone does not suffice to impose liability for damages under section 1983 on a defendant acting in a supervisory capacity."); Blyden v. Mancusi, 1986 F.3d 252, 264 (2d Cir. 1999).  However, a supervisor may be liable if he is shown to have "personal involvement" in the challenged conduct, which can be established through:

> evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates.

Hayut, 352 F.3d at 753.

6

Geyer alleges that it was an institutional practice and custom to use force against any inmate who impedes the closure of the traps.  The customary practice involved summoning a cell extraction team and spraying multiple burst of a chemical agent into the inmate's face.  Geyer also alleges that correctional staff was not properly trained in these techniques and not properly supervised when using them.

Drawing all possible inferences in favor of Geyer, it is possible that Geyer could provide evidence in support of his claims that would entitle him to relief.  Thus, defendants' motion to dismiss is denied without prejudice as to the claims against defendants Choinski and McGill in their individual capacities.

**III.    Conclusion**

Geyer's motion for leave to amend [**Doc. No. 16**] is **GRANTED**.  The Clerk is directed to docket the proposed Amended Complaint.

Defendants' Motion to Dismiss [**Doc. No. 19**] is **GRANTED** as to the claims for damages against all defendants in their official capacities, and **DENIED** without prejudice as to the claims against defendants Choinski and McGill in their individual capacities.  The case will proceed on the claims against all defendants in their individual capacities.

The parties are reminded that discovery in this case should be concluded on or before **May 15, 2006**, and that any motions for summary judgment should be filed on or before **June 15, 2006**.

7

**SO ORDERED.**

Dated this 22nd day of March, 2006, at Bridgeport, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge